JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6488
    Facsimile: (415) 436-7234
    Email: wendy.thomas@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-0296 MAG |
|     Plaintiff, ) | |
| v. ) | UNITED STATES' SENTENCING MEMORANDUM |
| CAROL J. QUITMEYER, ) | Hearing: September 26, 2008 |
|     Defendant. ) | Time: 9:30 a.m. |
| _____ ) | Courtroom: Hon. Nandor J. Vadas |

## **I INTRODUCTION**

On June 23, 2008, defendant Carol Quitmeyer was convicted following a stipulated-facts bench trial of Driving While Under the Influence of Alcohol and Driving With a Blood Alcohol Content Above 0.08%, pursuant to 36 C.F.R. § 1004.23(a)(1) and § (a)(2). This Court has set September 26, 2008, as the date for judgment and sentencing. The government submits the following sentencing memorandum to advise the Court of any objections the government has to the presentence report ("PSR") and the government's sentencing recommendation.

## **II. ARGUMENT**

A. <u>Factors to Consider in Imposing a Sentence.</u>

As the crimes in this case is are Class B Misdemeanors, the Sentencing Guidelines do not

apply. U.S.S.G. § 1B1.9. Though the Court does not have to consider the Sentencing Guidelines, the Court still must consider the following factors under 18 U.S.C. § 3553(a):

1. "the nature and circumstances of the offense and the history and characteristics of the defendant";
2. "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; to deter; "to protect the public . . ."; and to provide rehabilitation;
3. "the kinds of sentences available";
4. "the need to avoid unwarranted sentence disparities among defendants. . ";

The United States Probation Office has recommended a sentence of three years probation, one hundred twenty-five hours of community service, a restriction of her driving privileges for 180 days, maintenance of proof of responsibility for three years, participation in vocational training, and payment of a special assessment.[1] The United States concurs with the U.S. Probation Officer's recommendation. The United States would also request the added condition that the defendant be assessed for possible alcohol abuse and be provided treatment if deemed appropriate by the Probation Officer.

B. "the history and characteristics of the defendant"

The defendant has no prior criminal history. Although she did acknowledge that this is not the first time she has driven while under the influence, this is the first instance in which it has had criminal consequences. *See* PSR ¶ 11. Therefore, incarceration is not warranted in this case. Supervision by the Probation Officer will prove much more helpful to the defendant and will ensure that similar incidents do not occur in the future.

The government also concurs with the U.S. Probation Officer that defendant should participate in vocational training. Defendant is obviously a very bright and articulate woman and appears fully capable of participating in the workforce. Despite this, her employment record

---

[1] Although the PSR only requested a $10 special assessment, the law requires payment of a $10 special assessment per count of conviction. 18 U.S.C. § 3013(a)(1)(A)(ii). Since defendant was convicted of two counts, she will have to pay a $20 special assessment.

U.S. SENTENCING MEMORANDUM
CR 07-0296 MAG                                    2

is spotty and reflects that while she has been employed intermittently since 1999, she is currently unemployed. *See* PSR ¶ 29-35. Furthermore, she has substantial debts and, given the current financial markets, having a steady income is critically important. *See* PSR ¶ 36. The United States believes she could benefit from vocational guidance.

The United States would also request that the defendant be assessed for alcohol abuse and be provided treatment if deemed necessary by the Probation Officer. It is true that defendant admits to only drinking moderately. *See* PSR ¶ 26. But an alcohol-abuse assessment is a standard condition for individuals convicted of driving while under the influence of alcohol.

The United States also typically requests that the defendant complete a First Offender's DUI Program, but the Probation Officer has been provided proof of completion of such a program and the United States therefore does not seek the imposition of this condition.

C. "the nature and circumstances of the offense" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; to deter; "to protect the public . . ."; and to provide rehabilitation;"

Driving under the influence of alcohol is a serious crime. It can result in property damage, physical injury, or loss of life. Defendant is "fortunate that he has not ended one of his intoxicated escapades facing a sentence for manslaughter or second degree murder." United States v. Gibson, 896 F.2d 206 (6th Cir. 1990)(the decision to impose consecutive sentences was not an abuse of discretion where defendant had been convicted nine times for driving under the influence of alcohol). Therefore, the Court should not take it lightly. Three years is a substantial enough term of supervision to allow the Probation Officer to intervene meaningfully in defendant's life and provide whatever support, structure and rehabilitation is necessary to ensure she does not become a repeat offender.

D. "the kinds of sentences available";

The government agrees with the United States Probation Officer's assessment that the maximum term of imprisonment allowable is six months and the maximum period of probation allowable is five years. 36 C.F.R. § 1001.3; 18 U.S.C. § 3561(c)(2). Each of these counts

carries a maximum fine of $5,000.  18 U.S.C. § 3571(b)(6).  The Court may also require the defendant abide by discretionary conditions of probation, including that the defendant participate in employment or schooling (18 U.S.C. § 3563(b)(4)), undergo psychiatric or substance abuse treatment (18 U.S.C. § 3563(b)(9)), intermittent incarceration (18 U.S.C. § 3563(b)(10)), and confinement in a residential program or halfway house (18 U.S.C. § 3563(b)(11)).  For each count of conviction, payment of a $10 special assessment is mandatory.  18 U.S.C. § 3013(a)(1)(A)(ii).

E.  "the need to avoid unwarranted sentence disparities among defendants"

The conditions recommended by the United States and the Probation Office in this case are consistent with the standard conditions recommended for a first-time conviction for driving while under the influence of alcohol.  The United States has not identified any grounds for departure from that sentence in this case.

### III.  CONCLUSION

For the reasons set forth above, the government recommends that the Court impose a three year term of probation that includes the following conditions: 125 hours of community service, vocational training, an alcohol abuse assessment, a restriction of her driving privileges for 180 days, maintenance of proof of responsibility for three years, and $20 in special assessments.

Dated: September 19, 2008             Respectfully submitted,

                                      JOSEPH P. RUSSONIELLO
                                      United States Attorney


                                      _____/s/_____
                                      WENDY THOMAS
                                      Special Assistant United States Attorney